(Reap. Dec. 10527)

UNITRON IMPORT CORP. (WILEY) ET AL. *v.* UNITED STATES

Entry No. 495, etc.

(Decided June 6, 1963)

*Lawrence & Tuttle* for the plaintiffs.
*John W. Douglas*, Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement enumerated in schedule "A," hereto attached and made a part hereof, have been submitted for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the parties hereto:

1. That the appeals for reappraisement set forth in Schedule "A" hereto attached and made a part hereof are abandoned only so far as the merchandise shipped by High Value Enterprises or S. Tomita & Co. is concerned.

2. That all of the remaining merchandise covered by the appeals for reappraisement set forth in Schedule "A" hereto attached and made a part hereof was entered or withdrawn from Customs warehouse for consumption after the effective date of the Customs Simplification Act of 1956 and was therefore appraised under Section 402(b) of the Simplification Act of 1936 [*sic*], Public Law 927, 84th Congress, 2nd Session; said merchandise not being identified in the Final List published in T.D. 54521.

3. That as to the merchandise shipped by the following from Japan:

Chuo Sangyo K.K.
Fuchikawa & Co. Ltd.
Hamasaki Bamboo Industrial Co.
Hasegawa Blinds Factory
Hasegawa Shoten Co.
Hayachiguchi Kyogi Kogyo K.K.
Inoue Seiren Shokai
Kajishin Shoten
Kotobuki Toso K.K.
Kotobuki Toso Kogyo-sho
Nakagawa Seiren Shokai
Nihon Mokuren K.K.
Shimamura Shoten Co.

at the time of exportation to the United States, the prices at which such or similar merchandise was freely sold or offered for sale in the principal markets

of Japan, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, were the unit invoice values, net packed, or plus packing where packing is listed separately on the invoices as not being included in the unit invoice values.

4. That, with regard to the remaining merchandise covered by these appeals for reappraisement, at the time of exportation to the United States, the prices at which such or similar merchandise was freely sold or offered for sale in the principal markets of Japan, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, were the appraised unit values, less any buying commission noted on the invoices and included in the appraised unit values.

5. That the appeals for reappraisement set forth in Schedule "A", are submitted on this stipulation.

On the agreed facts, I find that the proper basis for appraisement of the merchandise in question is export value, as defined in section 402(b) of the Tariff Act of 1930, as amended by T.D. 54165, and hold that such value therefor is as follows:

1. Statutory export value of merchandise shipped from Japan by Chua Sangyo K.K., Fuchikawa & Co., Ltd., Hamasaki Bamboo Industrial Co., Hasegawa Blinds Factory, Hasegawa Shoten Co., Hayachuiguchi Kyogi Kogyo K.K., Inoue Seiren Shokai, Kajishin Shoten, Kotobuki Toso K.K., Kotobuki Toso Kogyo-sho, Nakagawa Seiren Skokai, Nihon Mokuren K.K., and Shimamura Shoten Co. is the unit invoice values, net, packed, or plus packing where packing is listed separately on the invoices as not being included in the unit invoice values.

2. Statutory export value for all other merchandise, except that shipped by High Value Enterprises or S. Tomita & Co., included in the shipments covered by the entries involved in these appeals for reappraisement is the appraised unit values, less any buying commission noted on the invoices and included in the appraised unit values.

So far as these appeals for reappraisement relate to merchandise shipped by High Value Enterprises or S. Tomita & Co., the same are dismissed.

Judgment will be rendered accordingly.